## State of Vermont v. Charles W. Parton

[272 A.2d 697]

No. 143-69

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed December 1, 1970

*Philip A. Angell, Jr.*, State's Attorney, for the State.

*John A. Burgess*, Montpelier, for Petitioner-Appellee.

**Per Curiam.** The respondent, Charles W. Parton, on his plea of guilty, was adjudged guilty by the District Court of Vermont, Orange Circuit, Unit No. 5, on December 18, 1968, of two offenses of breaking and entering in the nighttime, and one of breaking and entering in the daytime. Following a presentence investigation, he was sentenced on January 20, 1969 to serve three concurrent sentences of not less than three nor more than six years at the State Prison in Windsor, Vermont.

At the time of arraignment respondent informed the court that he became 21 years of age on April 3, 1968. By reason of this representation no guardian *ad litem* was appointed to represent him although he did have the benefit of assigned counsel.

On August 6, 1969, the respondent petitioned the Orange County Court for post conviction relief under the provisions of 13 V.S.A. Part 5, Chapter 221. The petition is in the form of a motion to vacate the convictions and assigned several grounds in support thereof.

A hearing on respondent's motion to vacate was heard before the Orange County Court on October 3, 1969. At this hearing Mrs. Stella Manning, mother of the respondent, testified that her son, Charles W. Parton, was born in Charlottesville, Virginia, on June 3, 1949. This established that he was a minor at the time the sentences in question were imposed and so considered by the parties on appeal. Findings of fact were waived. The court ordered each sentence vacated and the respondent released. The State has appealed to this Court for review.

The respondent was admitted to the Vermont State Hospital on December 29, 1969, for observation by order of the District Court of Vermont, Unit 5, Orange Circuit as provided for in 13 V.S.A. §§ 4821–4823. On January 21, 1970, that court received a report from the hospital indicating that "Charles E. Parton is insane, was insane at the time of the alleged offense, and is not competent to stand trial."

Statutory notice was given by the District Court that a hearing would be held on January 30, 1970, for the purpose of determining whether the respondent should be hospitalized, all as provided for under provisions of 13 V.S.A. §§ 4827 and 4828. At this hearing the respondent was represented by a guardian *ad litem* and also by assigned counsel.

By its findings of fact and order dated January 30, 1970, the court determined:

"1. That the said Charles W. Parton is a socio-pathic personality of the anti-social type.

2. That he is mentally ill.

3. Because of his illness he presents a substantial risk of injury to himself and others if allowed to remain at liberty, and he lacks sufficient capacity or insight to make

responsible decisions concerning his mental condition and is in need of custody, care and treatment.

NOW, THEREFORE, IT IS ORDERED that he be hospitalized at the Vermont State Hospital in Waterbury, Vermont, and that he, the said Charles W. Parton, shall be admitted to the care and custody of the Department of Mental Health for an undetermined period."

The record of the proceedings, which brought about the respondent's commitment to the Vermont State Hospital, is before us. Even if it could be said, which we do not decide, that the lower court was in error in vacating the petitioner's conviction, for want of the appointment of a guardian *ad litem,* the judgment, sentence and confinement in the State Prison could not be reinstated. Accordingly, the appeal will be dismissed.

*Appeal dismissed.*